UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

JOHN T. PENISTON by SUZANNE L. PENISTON, as Administrator Ad Prosequendum of the ESTATE OF JOHN T. PENISTON, and SUZANNE L. PENISTON,

   Plaintiffs,

v.

MEDTRONIC, INC.; CAITLIN SHOEMAKER; TASHA PROFIT; DAVID S. FRANKEL, MD; et al.

   Defendants.

Civil Action No. 3:18-cv-13533-BRM-TJB

**OPINION**

---

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Defendant Medtronic, Inc.'s ("Medtronic") Motion to Dismiss Plaintiffs John T. Peniston by Suzanne L. Peniston, as Administrator Ad Prosequendum of the Estate of John T. Peniston, and Suzanne L. Peniston's ("Plaintiffs") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 5), and Defendants Caitlin Shoemaker ("Shoemaker"), Tasha Profit ("Profit"), and David S. Frankel, MD's ("Frankel") (collectively, the "Individual Defendants") Motion to Dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 8). Plaintiffs filed an Opposition to Medtronic's Motion to Dismiss (ECF No. 7) and to the Individual Defendants' Motion to Dismiss. (ECF No. 14). Medtronic filed a Reply Brief to Plaintiffs' Opposition (ECF No. 9), as did the Individual Defendants. (ECF No. 15).

Having reviewed the submissions filed in connection with the motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause appearing, Medtronic's Motion to Dismiss is **GRANTED WITHOUT PREJUDICE** and the Individual Defendants' Motion to Dismiss is **GRANTED WITHOUT PREJUDICE**.

## I. Procedural and Factual Background

### A. Procedural History

On August 2, 2018, Plaintiffs filed a Complaint against Medtronic, the Individual Defendants, John Does 1-100, Jane Does 1-100, Richard Roes 1-100, Jane Roes 1-100, ABC Corps. 1-100, and Doe Managed Care Companies 1-100 in the Superior Court of New Jersey, Somerset County, asserting causes of action for: medical malpractice (Counts One, Three, Four, and Five); vicarious liability (Count Two); manufacturing defect (Count Six); breach of warranty (Counts Seven and Eight); loss of consortium (Count Nine); wrongful death (Count Ten); and survivorship (Count Eleven). (ECF No. 1-1.)[1] On September 4, 2018, Medtronic removed the matter to this Court pursuant to 28 U.S.C. § 1332. (ECF No. 1.)

On September 25, 2018, Medtronic filed a Motion to Dismiss Plaintiffs' Complaint, asserting that Plaintiffs' causes of action against Medtronic are inadequately pled and do not demonstrate any entitlement to relief. (ECF No. 5.) On October 9, 2018, Plaintiffs filed an Opposition to Medtronic's Motion to Dismiss (ECF No. 7) and on October 29, 2018, Medtronic filed a Reply Brief to Plaintiffs' Opposition to its Motion to Dismiss. (ECF No. 9.)

---

[1] Plaintiffs' Complaint is duplicative on certain counts and only explicitly labels three of the causes of action: Count Ten for wrongful death; Count Eleven for survivorship; and Count Twelve for gross negligence. (ECF No. 1-1.) Otherwise, this Court was forced to deduce the torts asserted by Plaintiffs, to the best of its ability, pursuant to certain key terms used in the various allegations under each "Count" header. (*Id.*)

On October 24, 2018, the Individual Defendants filed a Motion to Dismiss Plaintiffs' Complaint, asserting, *inter alia*, that the causes of action asserted against them do not contain sufficient factual material to achieve facial plausibility, are inadequately pled, and fail to demonstrate any entitlement to relief. (ECF No. 8.) On October 2, 2018, Plaintiffs filed an Opposition to the Individual Defendants' Motion to Dismiss (ECF No. 14) and on November 14, 2018, the Individual Defendants filed a Reply Brief to Plaintiffs' Opposition to their Motion to Dismiss. (ECF No. 15).

### B. Factual Background

For the purpose of this Motion to Dismiss, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to the Plaintiff. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Furthermore, the Court also considers any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Dig. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

This matter involves the insertion of a Medtronic REVEAL LINQ device (the "Device") in the decedent, John T. Peniston ("Peniston"). The Complaint is largely bereft of any factual allegations.[2] Plaintiffs provide only the barest of information when they allege Medtronic and the Individual Defendants were "negligent, careless and reckless and did deviate from accepted standards of medical practice in their treatment relating to [Mr. Peniston's] treatment on July 21,

---

[2] Plaintiffs assert their factual allegations in their Oppositions to the two Motions to Dismiss rather than in the Complaint. (ECF Nos. 7 & 14.) Specifically, Plaintiffs allege: the Device was implanted in Peniston; Plaintiffs were informed that the Device would transmit information to Peniston's treating physician, Dr. Frankel; the Device produced data indicating that Peniston suffered a "significant issue concerning his heart rhythm;" and the Individual Defendants failed to act on this information thereby causing Peniston's death. (ECF No. 14 ¶¶ 1-9.)

2016, as well as in the interpretation of important tests and studies" and in the "care and treatment given by them to Plaintiff." (ECF No. 1-1 ¶ 6.) The Complaint further alleged that in "May of 2016, a Medtronic REVEAL LINQ cardiac monitoring device (serial no. RLA841306S) was inserted into Mr. Peniston's chest," (ECF No. 1-1 ¶ 22) and that he sustained "serious, painful and permanent injuries" because Medtronic "negligently, carelessly, and recklessly designed, manufactured, imported, distributed, and sold the REVEAL LINQ." (*Id.* ¶¶ 23-24.) The Complaint does not allege that the Device malfunctioned and does not specify either how or if the Device injured Plaintiffs. The Complaint contains no more detailed factual allegations, but merely repeats the same language in each count before asserting the various tort elements.

## II. LEGAL STANDARD

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

4

accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a probability requirement.'" *Id.* (quoting *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). However, courts are "not compelled to accept 'unsupported conclusions and unwarranted inferences,'" *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (quoting *Schuylkill Energy Res. Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997)), nor "a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286.

While, as a general rule, the court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held that "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "'document *integral*

*to or explicitly relied upon* in the complaint.'" *Burlington Coat Factory*, 114 F.3d at 1426 (quoting *Shaw*, 82 F.3d at 1220).

### III. DECISION

Plaintiffs assert various causes of action against the Defendants, the majority of which this Court was forced to deduce on its own as the Complaint largely lacked headers or any descriptive paragraphs setting forth each cause of action. These causes of action included: medical malpractice (Counts One, Three, Four, and Five); vicarious liability (Count Two); manufacturing defect (Count Six); breach of warranty (Counts Seven and Eight); loss of consortium (Count Nine); wrongful death (Count Ten); and survivorship (Count Eleven). (ECF No. 1-1.)

Under Federal Rule of Civil Procedure 8(a)(2), a civil plaintiff in required to set forth "a short and plain statement of [his or her] claim showing that [he or she] is entitled to relief." While Rule 8 does not require a plaintiff to provide detailed factual allegations, a plaintiff must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Compliance with Rule 8 requires a plaintiff to "give the defendants fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545 (internal citation omitted).

Plaintiffs' Complaint does not meet this burden. It provides almost no factual allegations whatsoever, with the facts instead improperly supplied in its Oppositions to Defendants' Motions to Dismiss. (ECF Nos. 7 & 14.) The unadorned, conclusory allegations that the Individual Defendants' negligence and the Device's malfunction caused Plaintiffs' injuries fail to provide the short and plain statement of the factual allegations underlying Plaintiffs' claims as required by Rule 8(a)(2). Accordingly, Defendants' Motions to Dismiss are **GRANTED** and the Plaintiffs' Complaint is **DISMISSED WITHOUT PREJUDICE**.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motions to Dismiss is **GRANTED** and Plaintiffs' Complaint is **DISMISSED WITHOUT PREJUDICE** as set forth herein and in the accompanying order.


**Date: April 29, 2019**　　　　　　　　　　　　　　*/s/ Brian R. Martinotti*　　　　
　　　　　　　　　　　　　　　　　　　　　　　　**HON. BRIAN R. MARTINOTTI**
　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**