NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JOHN T. PENISTON by SUZANNE L. PENISTON, as Administrator Ad Prosequendum of the ESTATE OF JOHN T. PENISTON, and SUZANNE L. PENISTON, | : : : : : : : | |
| Plaintiffs, | : : | Civil Action No. 3:18-cv-13533-BRM-TJB |
| v. | : : : : | **OPINION** |
| MEDTRONIC, INC.; CAITLIN SHOEMAKER; TASHA PROFIT; DAVID S. FRANKEL, MD; et al. | : : : : : | |
| Defendants. | : : | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Defendant Medtronic, Inc.'s ("Medtronic") Motion to Dismiss Plaintiffs John T. Peniston by Suzanne L. Peniston, as Administrator Ad Prosequendum of the Estate of John T. Peniston, and Suzanne L. Peniston's ("Plaintiffs") Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 24-1), and Defendants Caitlin Shoemaker ("Shoemaker"), Tasha Profit ("Profit"), and David S. Frankel, MD's ("Frankel") (collectively, the "Individual Defendants") Motion to Dismiss Plaintiffs' Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). (ECF No. 23). Plaintiffs filed an Opposition to Medtronic's Motion to Dismiss (ECF No. 28) and to the Individual Defendants' Motion to Dismiss. (ECF No. 27). Medtronic filed a Reply Brief to Plaintiffs' Opposition (ECF No. 30), as did the Individual

Defendants. (ECF No. 29). Having reviewed the submissions filed in connection with the motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause appearing, Individual Defendants' Motion to Dismiss is **GRANTED** and Medtronic's Motion to Dismiss is **ADMINISTRATIVELY TERMINATED**, and this matter is **REMANDED.**

## I. PROCEDURAL AND FACTUAL BACKGROUND

### A. Procedural History

On August 2, 2018, Plaintiffs filed a Complaint against Medtronic, the Individual Defendants, John Does 1-100, Jane Does 1-100, Richard Roes 1-100, Jane Roes 1-100, ABC Corps. 1-100, and Doe Managed Care Companies 1-100 in the Superior Court of New Jersey, Somerset County, asserting causes of action for: medical malpractice (Counts One, Three, Four, and Five); vicarious liability (Count Two); manufacturing defect (Count Six); breach of warranty (Counts Seven and Eight); loss of consortium (Count Nine); wrongful death (Count Ten); and survivorship (Count Eleven). (ECF No. 1-1.) On September 4, 2018, Medtronic removed the matter to this Court pursuant to 28 U.S.C. § 1332. (ECF No. 1.)

On September 25, 2018, Medtronic filed a Motion to Dismiss Plaintiffs' Complaint, asserting that Plaintiffs' causes of action against Medtronic are inadequately pled and do not demonstrate any entitlement to relief. (ECF No. 5.) On October 24, 2018, the Individual Defendants filed a Motion to Dismiss Plaintiffs' Complaint, asserting, *inter alia*, that the causes of action asserted against them do not contain sufficient factual material to achieve facial plausibility, are inadequately pled, and fail to demonstrate any entitlement to relief. (ECF No. 8.) On April 29, 2019, this Court granted without prejudice both Medtronic's and the Individual Defendants' Motions to Dismiss. (ECF No. 16.) On May 23, 2019, Plaintiffs filed their Amended

Complaint, asserting causes of action for: medical malpractice/negligence (Count One); wrongful death (Count Two); survivorship (Count Three); and loss of consortium (Count Four). (ECF No. 18.)

On June 20, 2019, the Individual Defendants filed a Motion to Dismiss the Amended Complaint. (ECF No. 23.) On June 20, 2019, Medtronic also filed a Motion to Dismiss the Amended Complaint. (ECF No. 24.) On July 19, 2019, Plaintiffs filed an Opposition to both the Individual Defendants' Motion to Dismiss and Medtronic's Motion to Dismiss (ECF Nos. 27, 28) and on July 22, 2019 both the Individual Defendants and Medtronic filed Reply Briefs to Plaintiffs' Opposition to their Motions to Dismiss. (ECF Nos. 29, 30.)

### B. Factual Background

For the purpose of this Motion to Dismiss, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to the Plaintiffs. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Furthermore, the Court also considers any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Dig. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

This matter involves the insertion of a Medtronic REVEAL LINQ device (the "Device") in the decedent, John T. Peniston ("Peniston"). In May 2016, David S. Frankel, M.D. ("Frankel") implanted the device to monitor Peniston's heart function and determine if there were any issues. (Am. Compl. (ECF No. 18) ¶ 2.) Additionally, Peniston was provided with a Medtronic MyCare Link Patient Monitoring Unit ("MyCare Link") that recorded his heart function and relayed that data to someone observing. (*Id.*) Plaintiffs claim they possess records which show Peniston suffered a significant cardiac issue—a four second delay in his heartbeat—that was recorded on

the MyCare Link on July 17, 2016, at approximately 9:27 A.M. (*Id.* ¶ 3.) However, this information was not received by Frankel until approximately 3:00 P.M. on July 21, 2016. (*Id.* ¶ 4.) Because of this, Peniston was unaware he had suffered any cardiac issue. (*Id.* ¶ 5.) Next, on July 21, 2016, at approximately 9:00 P.M., Peniston suffered a second cardiac issue—this time an eight second delay in his heartbeat—which caused him to lose consciousness and fall onto the floor of his garage. (*Id.* ¶ 6.) Peniston suffered serious injuries including but not limited to a fractured skull. (*Id.*) On September 17, 2017, as a result of the skull fracture, Peniston suffered a major stroke and was hospitalized. (*Id.* ¶ 7.) This stroke ultimately caused Peniston's death on September 19, 2017. (*Id.*)

## II. LEGAL STANDARD

"A challenge to subject matter jurisdiction under Rule 12(b)(1) may be either a facial or a factual attack." *Davis*, 824 F.3d at 346. A facial attack "challenges the subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'" *Id*. (citing *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). A factual attack, on the other hand, "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'" *Id*. (quoting *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)). A "factual challenge allows a court [to] weigh and consider evidence outside the pleadings." *Id*. (citation omitted). Thus, when a factual challenge is made, "no presumptive truthfulness attaches to [the] plaintiff's allegations." *Id*. (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Rather, "the plaintiff will have the burden of proof that jurisdiction does in fact exist," and the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id*.

The Third Circuit has "repeatedly cautioned against allowing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction to be turned into an attack on the merits." *Davis*, 824 F.3d at 348-49 (collecting cases). "[D]ismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Id*. at 350 (quoting *Kulick v. Pocono Downs Racing Ass'n, Inc.*, 816 F.2d 895, 899 (3d Cir. 1987)). "In this vein, when a case raises a disputed factual issue that goes both to the merits and jurisdiction, district courts must 'demand less in the way of jurisdictional proof than would be appropriate at a trial stage.'" *Id*. (citing *Mortensen*, 549 F.2d at 892 (holding that dismissal under Rule 12(b)(1) would be "unusual" when the facts necessary to succeed on the merits are at least in part the same as must be alleged or proven to withstand jurisdictional attacks)). These cases make clear that "dismissal via a Rule 12(b)(1) factual challenge to standing should be granted sparingly." *Id*.

Here, the Individual Defendants assert a facial 12(b)(1) challenge. Therefore, the Court considers the allegations in the light most favorable to Plaintiff. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Mortensen*, 549 F.2d at 891.

**III.   DECISION**

Plaintiffs assert various causes of actions against the Defendants, including: negligence (Count One); wrongful death (Count Two); survivorship (Count Three); and loss of consortium (Count Four). (ECF No. 18.)

**A. 12(b)(1)**

The Individual Defendants contend Plaintiffs' Amended Complaint should be dismissed for lack of diversity jurisdiction under Federal Rule of Civil Procedure 12(b)(1). (ECF No. 23 at

2.) Plaintiffs, however, contend the Amended Complaint should not be dismissed because the Individual Defendants did not object on the basis of diversity of citizenship at either the removal stage or during their first Motion to Dismiss. (ECF No. 27 at 2.)

While Plaintiffs believed Profit and Shoemaker were citizens of Pennsylvania, both Profit and Shoemaker allege they were at the time and still are citizens of New Jersey. Plaintiffs do not dispute this fact but do request that—if the court finds no diversity jurisdiction—the matter be remanded back to state court in Somerset County, where the action was originally filed. (ECF No. 27 at 3.)

However, Medtronic filed briefing opposing the Individual Defendants' claim that there is no subject matter jurisdiction and asks the Court to deny the Motion to Remand on two grounds. (ECF No. 30.)

Medtronic first argues the non-diverse defendants (Profit and Shoemaker) are dispensable and should therefore be severed from the current action. (*Id.* at 7.) To be severable, a party must not be indispensable under Rule 19 and there must be no prejudice to the party or parties arising from the dismissal. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 421 (3d Cir. 2010). Aside from citing a case from the Southern District of Ohio, Medtronic simply argues the claims against them are "in no way dependent" on the claims against the Individual Defendants. (*Id.*) This is insufficient to demonstrate why Shoemaker and Profit are not indispensable under Rule 19. As such, the Court does not find cause two sever two of the Individual Defendants from this case.

In the alternative, Medtronic contends this court has subject matter jurisdiction over the case under the substantial federal question doctrine. (ECF No. 30 at 8.) A court may exercise federal jurisdiction over a state law claim if a federal issue is: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the

6

federal-state balance approved by congress." *Rutgers, The State Univ. v. BioArray Sols., Ltd.*, 2017 WL 1395486, at *4 (D.N.J. Apr. 18, 2017).

Medtronic argues Plaintiffs' claims necessarily turn on disputed issues of federal law because they are preempted by federal law. (ECF No. 30 at 9.) However, in determining whether a claim arises under federal law a court must focus on the "well pleaded complaint." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983). Therefore, "a defense that raises a federal question is inadequate to confer federal jurisdiction." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). In looking at the Amended Complaint, Plaintiffs allege Medtronic "[f]ail[ed] to properly maintain the devices in question . . . properly instruct the plaintiffs on the proper use of the devices in question . . . properly monitor the data from the devices in question." (ECF No. 18 ¶ 37.) While Medtronic argues these claims arise under federal law because the written instructions are governed by the Medicals Device Amendments (MDA) to the Food, Drug, and Cosmetic Act (FDCA), Plaintiffs' Amended Complaint does not implicate the written instructions. (ECF No. 44 at 3.) Medtronic's argument for the assertion of federal question jurisdiction rests squarely on the defense of preemption. In looking solely at the face of the Amended Complaint, Plaintiffs' state law claims of negligence, wrongful death, survivorship, and loss of consortium do not arise under federal law. Therefore, this Court declines to exercise federal question jurisdiction over Plaintiffs' state law claims. Accordingly, without completely diversity of citizenship or federal question jurisdiction, this Court does not have subject matter jurisdiction to hear the claims, and the Individual Defendants' Motion to Dismiss and remand to state court in Somerset County is **GRANTED.**[1]

---

[1] Because this Court no longer has subject matter jurisdiction to hear Plaintiffs' claims, Medtronic's Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 24) will be administratively terminated with leave to refile in state court.

## IV. CONCLUSION

For the reasons set forth above, the Individual Defendants' Motion to Dismiss is **GRANTED**, Medtronic's Motion to Dismiss is **ADMINISTRATIVELY TERMINATED** with leave to refile in state court, if appropriate, and Plaintiffs' Complaint is **REMANDED** as set forth herein and in the accompanying order.

**Date: January 24, 2020**                             */s/ Brian R. Martinotti*  
                                                        **HON. BRIAN R. MARTINOTTI**
                                                        **UNITED STATES DISTRICT JUDGE**